

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

---

No. 07-21-00097-CV

---

CHRISTIAN B. BOWERS, APPELLANT

V.

JAMIE C. BOWERS, APPELLEE

---

On Appeal from the 201st District Court
Travis County, Texas[1]
Trial Court No. D-1-FM-19-002809, Honorable Orlinda Naranjo, Presiding

---

August 31, 2021

## ORDER

Before PIRTLE and PARKER and DOSS, JJ.

Appellant, Christian B. Bowers, filed the instant interlocutory appeal of the trial court's order denying his motion to compel mediation and arbitration under the company agreement of Bola Pizza, LLC, a business owned by himself and appellee, Jamie C. Bowers. Pending before this Court is Christian's motion to stay trial court proceedings

---

[1] Pursuant to the Texas Supreme Court's docket equalization efforts, this case was transferred to this Court from the Third Court of Appeals. *See* TEX. GOV'T CODE ANN. § 73.001 (West 2013).

pending resolution of the interlocutory appeal.[2]  We grant the motion and stay proceedings in the trial court pending further orders from this Court.

Christian and Jamie formed Bola Pizza, LLC, in November of 2011.  At the time of formation of the company, Christian and Jamie executed a company agreement that includes a mandatory dispute resolution procedure that provides that any court proceeding brought by an owner against another owner of the company must first be submitted to mediation and, barring resolution of the dispute through mediation, binding arbitration.

In April of 2019, Christian filed for divorce from Jamie.  Soon thereafter, Jamie counter-petitioned for divorce.  During the proceedings related to the divorce action, Christian filed a motion to compel mediation and arbitration under the terms of Bola Pizza, LLC's company agreement.  The trial court signed an order denying Christian's motion to compel, and Christian filed the instant interlocutory appeal.[3]

A court "shall stay a proceeding that involves an issue subject to arbitration if an order for arbitration or an application for that order is made under this subchapter."  TEX. CIV. PRAC. & REM. CODE ANN. § 171.025(a) (West 2019).  In the present case, appellant filed a motion to compel arbitration that constitutes an application for an order for arbitration under section 171.025.  Thus, we agree with Christian that proceedings in the

---

[2] According to the certificate of conference in Christian's motion for stay, Jamie opposes the motion. However, Jamie has not filed a response to Christian's motion identifying the reasons for her opposition.

[3] This Court has jurisdiction over Christian's interlocutory appeal under the authority of Texas Civil Practice and Remedies Code section 171.098.  *See* TEX. CIV. PRAC. & REM. CODE ANN. § 171.098(a)(1) (West 2019).

trial court should be stayed pending our resolution of the interlocutory appeal. *See In re Merrill Lynch Trust Co. FSB*, 235 S.W.3d 185, 195 (Tex. 2007) (both the federal and Texas arbitration acts require courts to stay litigation of issues that are subject to arbitration).

Concluding that Christian's potential right to arbitration regarding disposition of Bola Pizza, LLC, cannot be adequately protected by supersedeas bond, by order of this Court, we grant Christian's motion and stay proceedings in the trial court until this Court issues further orders relating to the instant interlocutory appeal. *See* TEX. R. APP. P. 29.3; *PlainsCapital Bank v. Krasovec*, No. 03-19-00808-CV, 2020 Tex. App. LEXIS 1994, at *1 (Tex. App.—Austin Mar. 5, 2020, no pet.) (order) (per curiam).

Per Curiam